**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PUNAOFO TSUGITO TILEI, | No. 12-15553 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00069-LJO-SKO |
| v. | |
| T. HASADSRI, M.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Punaofo Tsugito Tilei, a California state prisoner, appeals pro se from the

district court's order denying his motion for relief from its earlier judgment

dismissing his 42 U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review for an abuse of discretion the district court's denial of a Fed. R. Civ. P. 60(b) motion, *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009), and we reverse and remand.

Tilei's motion to reopen cited "excusable neglect," a basis for relief under Rule 60(b)(1), as ground for reopening.  Fed. R. Civ. P. 60(b)(1).  However, the district court evaluated and denied Tilei's motion under Rule 60(b)(6).  This was an abuse of discretion.  *See Lemoge*, 587 F.3d at 1192 n.2 ("If the trial court did not identify the correct legal standard, it is an abuse of discretion.").  Based on the record before us, Tilei has established that he is entitled to relief from the district court's judgment.  *See id.* at 1195-98 (remanding after applying the excusable neglect standard to a Rule 60 motion predicated on counsel's severe medical hardship); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 & n.3 (9th Cir. 2000) (setting forth the equitable analysis and holding that "where the record is sufficiently complete for us to conduct the analysis ourselves, it would be inefficient to remand the issue to the district court").

Accordingly, we reverse and remand with instructions to allow Tilei to amend his complaint to address the substantive issues identified in the district court's order of October 13, 2010, and for the district court to consider in the first

instance Tilei's motion to appoint counsel in light of his medical condition.

**REVERSED and REMANDED.**